indicated that his alibi witnesses may not have been truthful in their testimony that defendant was with them on the evening of May 12, 1972, prior to the murder. This rebuttal evidence directly contradicted all three defense witnesses on a matter which was a major thrust of the defense and reflected adversely upon the credibility of those witnesses. We believe this evidence was properly admitted on rebuttal. See *People v. Van Pelt*, 18 Ill.App.3d 1087, 311 N.E.2d 184.

■■ Defendant further contends that the court erred by basing its denial of defendant's post-trial motion on matters outside the record. The law is clear that a trial judge may not consider matters not of record. (See *People v. Jones*, 18 Ill.App.3d 198, 309 N.E.2d 776.) In the instant case, the trial judge, in ruling on defendant's post-trial motion, commented that the facts indicate the typical "m.o." for an "el" train robbery. We do not believe that such statements indicate that the trial judge improperly considered matters not of record. *People v. Collins*, 21 Ill.App.3d 800, 315 N.E.2d 916.

Therefore, defendant's conviction of murder is affirmed and his conviction for attempt robbery is reversed.

Affirmed in part, reversed in part.

DRUCKER and SULLIVAN, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM CLINTON, Defendant-Appellant.

(No. 60114; )

First District (5th Division)—February 14, 1975.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

WENDELL L. JACKSON, Plaintiff-Appellant, *v.* WILLIAM SPIVEY *et al.,* Defendants-Appellees.

(No. 60251;

First District (5th Division)—February 14, 1975.